UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jack Lindsey Riddle, | ) | C/A No. 2:18-2228-JFA-MGB |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Dr. Kim Olszewski; Nurse Garbakka; Corrections Officer L. Shelton; and Corrections Officer Keels, | ) | |
| Defendants. | ) | |

The *pro se* plaintiff is a pretrial defendant housed at the Greenville County Detention Center ("GCDC"). He brings this action pursuant to 42 U.S.C. § 1983 alleging deprivation or delay of medical treatment while he was at the GCDC.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this court should dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution and failure to comply with court orders. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

a recitation.

The defendants filed a motion for summary judgment and the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying the plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. The plaintiff did not respond to the defendants' motion, nor did he respond after the Magistrate Judge gave him an extension within which to do so. The Magistrate Judge also reports that the orders were returned to the court as undeliverable and "unable to forward."

The Magistrate Judge has issued various proper form orders in this case, advising the defendant that if he failed to bring his case into proper form, the action may be dismissed for failure to prosecute. *Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989); Davis v. Williams, 588 F.2d 69 (4th Cir. 1978)*; Fed. R. Civ. P. 41(b).

The plaintiff was also advised of his right to file objections to the Report and Recommendation, which was entered on the docket on May 30, 2019 (ECF No. 39). However, the plaintiff did not file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge has allowed the plaintiff ample time to respond to the court's

orders and the defendants' motion, yet the plaintiff has failed to do so. A review of the docket reveals that the plaintiff has not notified the Clerk of any address change.

After carefully reviewing the applicable laws and the record in this case, this court accepts the Magistrate Judge's Report and Recommendation and finds that that the Report fairly and accurately summarizes the facts and applies the correct principles of law.

Accordingly, this action is dismissed with prejudice for lack of prosecution pursuant to Rule 41(b).

The Clerk is directed to terminate all pending motions in this case.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

September 11, 2019
Columbia, South Carolina